UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23471-CIV-LENARD/WHITE

**RANDY MALDONADO,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

### ORDER ADOPTING AND SUPPLEMENTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 15), DENYING MOTION TO VACATE SENTENCE (D.E. 1), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White (D.E. 15), issued April 27, 2012, recommending that the Court deny Movant Randy Maldonado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed September 21, 2011. Maldonado filed Objections to the Report (D.E. 18) on June 29, 2012. Having considered the Motion, Report, Objections, related pleadings, and record, the Court finds as follows.

The procedural history of this case is detailed at length in Judge White's Report. To summarize, on July 10, 2009, Maldonado pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(i). The plea agreement required the Government to make several recommendations to the Court at sentencing, none of which pertained to

career-offender status under the sentencing guidelines. Maldonado meanwhile agreed to waive the right to appeal his sentence. The plea agreement stated that it constituted the entire agreement and that there were no other promises or understandings between the Parties. At his plea colloquy, Maldonado indicated to the Court that he understood the constitutional rights he was waiving in pleading guilty; that he admitted the facts as stated in the Government's factual proffer; that he understood the penalties he faced; that he understood that the Court would apply the sentencing guidelines after completion of an advisory presentence investigation report by the probation office; and that no representations were made to convince him to plead guilty other than those stated in the written plea agreement. The Court accepted Maldonado's plea. Thereafter, the probation office completed a presentence investigation report finding, in relevant part, that Maldonado qualified as a career offender under U.S.S.G. § 4B1.1(a). The report assessed Maldonado's criminal history category accordingly and calculated a guideline range of 188 to 235 months. Before sentencing, Maldonado filed a pro se letter with the Court alleging that defense counsel had misadvised him regarding his career-offender status. Maldonado claimed that before entering his guilty plea, he was advised by counsel that he would not be subject to enhanced sentencing as a career offender and that he would receive a sentence between five and seven years. Apparently neither defense counsel nor the Government contemplated that Maldonado would qualify as a career offender. Maldonado otherwise raised no objection to the presentence investigation report, however, and after the Government extended him the opportunity to try to withdraw his guilty plea, Maldonado chose to persist in his plea and proceed to sentencing. The

Government made all recommendations at sentencing that it promised to make under the plea agreement.  The Court sentenced Maldonado to 150 months' imprisonment plus five years' supervised release.  Maldonado appealed, but the Eleventh Circuit dismissed the appeal based on Maldonado's waiver of appellate rights.

On September 21, 2011, Maldonado filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  Maldonado raises the following seven claims in his Motion: (1) the Government breached the terms of the plea agreement; (2) defense counsel rendered ineffective assistance by failing to object to the Government's alleged breach of the plea agreement; (3) defense counsel rendered ineffective assistance in connection with Maldonado's entry of his guilty plea and sentencing as a career offender; (4) Maldonado's guilty plea was not knowingly and voluntarily entered; (5) defense counsel rendered ineffective assistance in connection with Maldonado's decision not to withdraw his guilty plea; (6) defense counsel rendered ineffective assistance at sentencing for laboring under an irreconcilable conflict of interest; and (7) Maldonado is "actually innocent" of the career-offender enhancement.

Maldonado's Motion was referred to Judge White for a report and recommendation.  On April 27, 2012, Judge White issued an extensive Report finding Maldonado's claims without merit and recommending that the Court deny Maldonado's Motion.  Judge White found that (a) the Government did nothing that would constitute a breach of the plea agreement; (b) defense counsel consequently was not ineffective for failing to object to the alleged breach, nor was counsel ineffective for making any erroneous estimation of Maldonado's sentencing range; (c) assuming _arguendo_ that

3

counsel's performance was deficient, Maldonado cannot establish prejudice from the deficiency, as he persisted in his plea after the determination of his career-offender status, and the outcome of his sentencing was unaffected; (d) the record belies any contention that Maldonado's plea was unknowing or involuntary; (e) counsel did not act under a conflict of interest or otherwise perform deficiently when representing Maldonado at sentencing; and (f) Maldonado's challenge to the validity of the career-offender enhancement is procedurally barred and meritless.  Judge White further recommended that the Court deny an evidentiary hearing on Maldonado's Motion, as all claims were resolvable on the present record, and that the Court deny a certificate of appealability, as Maldonado failed to make a substantial showing of the denial of any constitutional right.

The Court has reviewed Maldonado's Objections to the Report and finds them to be without merit.  The Court adopts Judge White's Report in its entirety.  However, the Court supplements Judge White's findings on Grounds 3 through 5 as set forth herein.

In Grounds 3 and 4 of his Motion to Vacate, Maldonado argues that defense counsel rendered ineffective assistance in connection with the entry of his guilty plea and that his guilty plea was not knowingly and voluntarily entered. (Mot. Vacate, D.E. 1 at 4, 5.)  Maldonado maintains that he told counsel that he had prior drug convictions in the state of Florida, but counsel misadvised him that he would not be subject to any resulting sentence enhancements.  (Id. at 4.)  Maldonado further argues that as a consequence of the erroneous and prejudicial misadvice, he did not knowingly intelligently, or voluntarily plead guilty.  (Id. at 5.)

Maldonado's claims are unsustainable in light of the plea and sentencing record. First, during Maldonado's plea colloquy, the Court stated the statutory maximum and minimum penalties that could be imposed. Maldonado indicated that he understood all possible penalties that he faced if he pled guilty. At sentencing, after the probation office had determined that Maldonado was as a career offender, the Government offered Maldonado the chance to withdraw from the plea agreement. Maldonado declined the offer and persisted in his plea. Based on the foregoing, namely Maldonado's persistence in his plea even after revelation of his career-offender status, the Court finds that Maldonado is unable to establish prejudice from counsel's alleged misadvice and is unable to show that his plea was anything other than knowing and voluntary. See, e.g., United States v. Bonds, 295 F. App'x 604, 606 (4th Cir. 2008) ("Even if counsel's performance were deemed deficient, Bonds was not prejudiced, as he was given an opportunity to withdraw his plea at the start of the sentencing hearing when the district court acknowledged the error at the plea hearing regarding Bonds' status. Bonds elected to proceed with sentencing with full knowledge of the armed career criminal sentencing provisions, and thus cannot show that, but for counsel's performance, he would have elected to plead not guilty and proceed to trial." (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985))); see also United States v. Anderson, 512 F. App'x. 436, 436 (5th Cir. 2013) ("[W]hile the magistrate judge and plea agreement incorrectly advised Anderson concerning the relevant statutory minimum and maximum terms, the district court informed Anderson of the correct sentencing terms and provided him the opportunity to withdraw his guilty plea during the sentencing hearing. Anderson persisted in pleading

5

guilty, however, thereby confirming the voluntariness of his plea and demonstrating that the misstatement concerning the sentencing terms did not affect his decision."). Accordingly, the Court finds that Grounds 3 and 4 establish no basis for relief.

In Ground 5 of his Motion to Vacate, Maldonado claims that after his career-offender status was revealed and the Government offered to let him withdraw from the plea agreement, defense counsel misadvised him as to his available options and the consequences of withdrawing his plea. (Mot. Vacate, D.E. 1 at 6.) Maldonado claims that counsel told him "that if he withdrew the plea agreement he was subject to a mandatory life sentence if the government filed a notice of enhancement under 21 U.S.C. § 851, based on his prior drug convictions. But counsel failed to advise [Maldonado] that if the Government filed said notice, [he] would be able to challenge the prior convictions because they were imposed less than five (5) years from the date of the federal offense." (Id.) Specifically, "[w]hat counsel failed to advise Maldonado was that if the government did in fact file a notice of enhancement under § 851, Maldonado would be entitled to challenge his prior drug conviction based on [] the ground that it was entered in violation of his constitutional rights to effective assistance of counsel." (Reply, D.E. 11 at 13.) Maldonado claims that he "had two prior State of Florida drug convictions," but "in one of the two prior convictions, Maldonado's then-counsel in the State of Florida proceedings affirmatively misadvised him that if he entered a nolo contendere plea and the trial court withheld adjudication it would not have any later collateral consequences against him, nor could it be used as a prior conviction in any proceeding." (Objections, D.E. 18 at 14–15.) "Accordingly, that prior conviction was constitutionally infirm based

6

on ineffective assistance of counsel and could not be used as the required second qualifying prior [conviction] to enhance Maldonado to a life sentence." (Id. at 15 (citing United States v. Cadet, 138 F. App'x 272 (11th Cir. 2005).) Maldonado claims that had counsel advised him that he could challenge the validity of his withheld adjudication and avoid a sentencing enhancement, he would have attempted to withdraw from the plea agreement. (Mot. Vacate, D.E. 1 at 6.)

It bears emphasis that Maldonado does not claim that defense counsel erroneously advised him that he would face a mandatory life sentence if the Government filed a notice of sentencing enhancement under 21 U.S.C. § 851. Maldonado's claim of ineffective assistance is only that counsel failed to inform him that he could challenge the constitutionality of his prior drug convictions to avoid a sentencing enhancement—i.e., "that if the government did in fact file a notice of enhancement under § 851, Maldonado would be entitled to challenge his prior drug conviction based on [] the ground that it was entered in violation of his constitutional rights to effective assistance of counsel."

Maldonado's argument is unavailing, however, because even if he could have successfully challenged the validity of the referenced withheld adjudication, he would still have been subject to a sentencing enhancement based on two other felony drug convictions. The Court first notes that a sentencing enhancement under Section 851 for Maldonado's offense would have required proof of only one prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B) (providing for enhanced penalty if offense is committed after "a prior conviction" for a felony drug offense has become final). At any rate, the record reflects that Maldonado had two other felony drug convictions, apart from his

7

withheld adjudication, that would have sustained any sentence enhancement under 21 U.S.C. §§ 841 and 851.  Maldonado's Presentence Investigation Report indicates that on June 9, 2006, Maldonado received the referenced withheld adjudication in Florida state court for felony possession with intent to sell/manufacture/deliver heroin and felony possession with intent to sell/manufacture/deliver cocaine.  (See PSIR ¶ 95.)  But on August 8, 2006, Maldonado was also adjudicated guilty in Florida state court of both felony delivery of cocaine, arising from an episode in Pompano Beach on May 29, 2004, and felony possession of cocaine, arising from a separate episode in Hollywood, Florida on August 5, 2005.  (See PSIR ¶¶ 93, 94.)  Maldonado disputes the validity only of his withheld adjudication.  He offers no evidence or argument that the latter two convictions were constitutionally invalid or otherwise would not have qualified as predicate offenses for purposes of enhanced sentencing.  See also United States v. Hansley, 54 F.3d 709, 718 (11th Cir. 1995) (finding that a prior "felony drug offense," for purposes of enhanced sentencing under 21 U.S.C. § 841, "includes any criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony").  The result is that any challenge to a potential sentence enhancement—based solely upon the alleged invalidity of the withheld adjudication—would have been ineffectual.  The Court therefore finds that counsel did not render deficient performance by not informing Maldonado that, if he withdrew his plea and the Government filed a notice under 21 U.S.C. § 851, he could avoid a sentencing enhancement by challenging the validity of his prior withheld adjudication.  On this basis the Court finds that Ground 5 establishes no grounds for relief.

It is accordingly **ORDERED AND ADJUDGED** that:

**1.** The Report of Magistrate Judge Patrick A. White (D.E. 15), issued April 27, 2012, is **ADOPTED** and **SUPPLEMENTED** by this Order;

**2.** Movant Randy Maldonado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed September 21, 2011, is **DENIED**;

**3.** A certificate of appealability **SHALL NOT ISSUE**; and

**4.** This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of November, 2013.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**